## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| PATRICK HAYES and SUSANA HAYES, | CIVIL ACTION |
| Plaintiffs, | |
| v. | COMPLAINT   1:18-cv-08365 |
| BMO HARRIS, N.A., FIFTH THIRD BANK, CONSUMERS CREDIT UNION, as successor by merger to Premier Credit Union, BANK OF AMERICA, N.A., OCWEN LOAN SERVICING, LLC, TRANSUNION, LLC and EQUIFAX INFORMATION SERVICES, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

### FIRST AMENDED COMPLAINT

**NOW COME** Patrick Hayes ("Patrick") and Susana Hayes ("Susana") (collectively "Plaintiffs"), by and through their attorneys, Sulaiman Law Group, Ltd., complaining of the Defendants, Consumers Credit Union, as successor by merger to Premier Credit Union ("CCU"), Ocwen Loan Servicing, LLC ("Ocwen"), Bank of America, N.A. ("BANA"), BMO Harris, N.A. ("BMO"), Fifth Third Bank ("Fifth Third") TransUnion, LLC ("TransUnion"), and Equifax Information Services, LLC ("Equifax"), (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action seeking redress for violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA pursuant to 15 U.S.C. §1681 et seq., 28 U.S.C. §§1331 and 1337, as this action arises under the laws of the United States.

1

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiffs reside in this District and all of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

4.  Plaintiffs are consumers and natural persons over 18-years-of-age who, at all times relevant, resided in the Northern District of Illinois.

5.  Defendant Consumers Credit Union is not-for-profit institution with its principal place of business located in Lake County, Illinois. CCU provides financial benefits, including consumer loans, to its members. CCU is a furnisher of information to the major credit reporting agencies, including TransUnion and Equifax.

6.  Defendant Ocwen Loan Servicing, LLC is a Florida corporation with its principal place of business located in Florida. Ocwen is a mortgage servicing company, providing home financing options to consumers, including consumers in the State of Illinois. Ocwen conducts business in the State of Illinois and has a registered agent located in Illinois. Ocwen is a furnisher of information to the major credit reporting agencies, including TransUnion and Equifax.

7.  Defendant Bank of America, N.A. is a Delaware corporation with its principal place of business located in Charlotte, North Carolina. BANA is a National Banking Association that does business all over the United States, including the State of Illinois. BANA is a furnisher of information to the major credit reporting agencies, including TransUnion and Equifax.

8.  Defendant BMO Harris, N.A. maintains its principal place of business in Chicago, Illinois. BMO is a creditor, lender, debt collector, and servicer of mortgage loans across the country, including the State of Illinois. BMO is a furnisher of information to the major credit reporting agencies, including TransUnion and Equifax.

9.   Defendant Fifth Third Bank maintains its principal place of business in Cincinnati, Ohio. Fifth Third is a creditor, lender, debt collector, and servicer of mortgage loans across the country, including the State of Illinois. Fifth Third is a furnisher of information to the major credit reporting agencies, including TransUnion and Equifax.

10. Defendant TransUnion, LLC is a Delaware limited liability corporation with its principal place of business located in Chicago, Illinois. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Illinois.

11. Defendant Equifax Information Services, LLC is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Illinois.

### CREDIT REPORTING AND PLAINTIFFS' CREDIT DISPUTES TO EQUIFAX

12. On July 11, 2014, Plaintiffs filed a Chapter 13 bankruptcy in the Northern District of Illinois and upon successful completion, were granted a Discharge on March 14, 2018.

### *Patrick and Susan Hayes' Credit Reports - TransUnion*

13. In early June, 2018, Patrick and Susana pulled their Credit Karma Credit Reports provided by TransUnion.

14. Plaintiffs were shocked to discover that Defendants were misreporting loans that had been paid and closed prior to their filing bankruptcy.

15. Specifically, Patrick discovered that Defendants were misreporting loans as follows:

1) BMO Harris
   Monthly Payment: $338

2) Fifth Third
   Monthly Payment: $268

3) Premier Credit
   Monthly Payment: $348

4) Bank of America, N.A. (Mortgage)
   Monthly Payment: $2744

5) Ocwen (Mortgage)
   Monthly Payment: $554

16. Specifically, Susana discovered that Defendants were misreporting loans as follows:

1) Premier Credit
   Monthly Payment: $340

2) Bank of America, N.A. (Mortgage)
   Monthly Payment: $2744

3) Ocwen (Mortgage)
   Monthly Payment: $554

### *Patrick and Susana Hayes' Credit Report - Equifax*

17. In early June, 2018, Patrick and Susana pulled their Credit Karma Credit Reports provided by Equifax.

18. Plaintiffs were shocked to discover that Defendants were misreporting loans that had been paid and closed prior to their filing bankruptcy.

19. Specifically, Patrick discovered that Defendants were misreporting loans, as follows:

1) BMO Harris
   Monthly Payment: $75

4

2) Fifth Third
   Monthly Payment: $268

3) Premier Credit
   Monthly Payment: $340

4) Bank of America, N.A. (Mortgage)
   Monthly Payment: $2,744

20. Specifically, Susana discovered that Defendants were misreporting loans as follows:

1) Premier Credit
   Monthly Payment: $340

2) Bank of America: $2,744

### *Defendants' Erroneous Credit Reporting*

21. The reporting of the BMO Harris auto loan was inaccurate, incomplete, and misleading because, following an auto accident, the loan was paid by Plaintiffs' insurance company, and had no scheduled monthly payment amount.

22. The reporting of the Fifth Third loan was inaccurate, incomplete, and misleading because the loan was paid and closed, and had no scheduled monthly payment amount.

23. The reporting of the Premier Credit loan (CCU) was inaccurate, incomplete, and misleading because the loan was paid and closed, and had no scheduled monthly payment amount.

24. The reporting of the BANA mortgage loan was inaccurate, incomplete, and misleading because the loan was paid and closed through a prior refinance of Plaintiff's mortgage, and had no scheduled monthly payment amount.

25. The reporting of the Ocwen mortgage loan was inaccurate, incomplete, and misleading because the loan was paid and closed, and had no scheduled monthly payment amount.

### *Plaintiffs' Dispute Letters to TransUnion*

26. On or about June 14, 2018, Patrick sent a written credit dispute letter to TransUnion requesting that his credit files be reviewed and updated to accurately reflect the subject accounts.

27. On or about June 14, 2018, Susana sent a written credit dispute letter to TransUnion requesting that her credit files be reviewed and updated to accurately reflect the subject accounts.

28. Plaintiffs' dispute letters each stated, "I have reviewed my credit reports and have found that several accounts are reporting inaccurate information:"

29. Specifically, Patrick's letter, in relevant part, stated:

. . . I would like to dispute the following:

1. BMO Harris – account #9902223629 – closed July 31, 2014 (This account was not included in my case and was not closed in July 2014, it was paid in full by State Farm due to a total loss accident which I have included proof of. Please *update the account status* and remove the word derogatory, update the closed date, and *correct the remarks*)
2. Premier Credit Union (this account was paid and closed prior to my case filing, the *monthly payment should say zero*)
3. 5th Third Bank- (this account was paid and close prior to my case filing, *the monthly payment should say zero)*
4. Bank of America – (this account was refinanced and closed prior to my case filing, *the monthly payment should say zero, not $2,744*)
5. Ocwen/Homeward Residential – (this account was paid and closed prior to my case filing, *the monthly payment should say zero*)

30. Specifically, Susana's letter, in relevant part, stated:

I also wanted to dispute:

1. BMO Harris – account #9902223629 (This account was not included in my case and the payments were never later nor missed, it was paid in full by State Farm due to a total loss accident which I have included proof of. Please *update the payment status*, times/days late, remarks, and payment history)
2. 5th Third Bank- (this account was paid and close prior to my case filing, *the monthly payment should say zero)*
3. Premier Credit Union (this account was paid and closed prior to my case filing, the *monthly payment should say zero*)
4. Bank of America – (this account was refinanced and closed prior to my case filing, *the monthly payment should say zero, not $2,744*)

      5.   Ocwen/Homeward Residential – (this account was paid and closed prior to my case filing, *the monthly payment should say zero*)

31. Plaintiffs each mailed the dispute letters with all relevant information to TransUnion.

32. Upon information and belief, BMO Harris received notice of Patrick's dispute letter and all relevant information from TransUnion within five days of TransUnion receiving Plaintiff's dispute letter. *See* 15 U.S.C. §1681i(a)(2).

33. Upon information and belief, BMO Harris received notice of Susana's dispute letter and all relevant information from TransUnion within five days of TransUnion receiving Plaintiff's dispute letter. *See* 15 U.S.C. §1681i(a)(2).

34. Upon information and belief, CCU received notice of Patrick's dispute letter and all relevant information from TransUnion within five days of TransUnion receiving Plaintiff's dispute letter. *See* 15 U.S.C. §1681i(a)(2).

35. Upon information and belief, CCU received notice of Susana's dispute letter and all relevant information from TransUnion within five days of TransUnion receiving Plaintiff's dispute letter. *See* 15 U.S.C. §1681i(a)(2).

36. Upon information and belief, Fifth Third received notice of Patrick's dispute letter and all relevant information from TransUnion within five days of TransUnion receiving Plaintiff's dispute letter. *See* 15 U.S.C. §1681i(a)(2).

37. Upon information and belief, Fifth Third received notice of Susana's dispute letter and all relevant information from TransUnion within five days of TransUnion receiving Plaintiff's dispute letter. *See* 15 U.S.C. §1681i(a)(2).

38. Upon information and belief, BANA received notice of Patrick's dispute letter and all relevant information from TransUnion within five days of TransUnion receiving Plaintiff's dispute letter. *See* 15 U.S.C. §1681i(a)(2).

39. Upon information and belief, BANA received notice of Susana's dispute letter and all relevant information from TransUnion within five days of TransUnion receiving Plaintiff's dispute letter. *See* 15 U.S.C. §1681i(a)(2).

40. Upon information and belief, Ocwen received notice of Patrick's dispute letter and all relevant information from TransUnion within five days of TransUnion receiving Plaintiff's dispute letter. *See* 15 U.S.C. §1681i(a)(2).

41. Upon information and belief, Ocwen received notice of Susana's dispute letter and all relevant information from TransUnion within five days of TransUnion receiving Plaintiff's dispute letter. *See* 15 U.S.C. §1681i(a)(2).

### *Plaintiffs' Dispute Letters to Equifax*

42. On or about June 14, 2018, Patrick sent a written credit dispute letter to Equifax requesting that his credit files be reviewed and updated to accurately reflect the subject accounts.

43. On or about June 14, 2018, Susana sent a written credit dispute letter to Equifax requesting that her credit files be reviewed and updated to accurately reflect the subject accounts.

44. Plaintiffs' dispute letters each stated, "I have reviewed my credit reports and have found that several accounts are reporting inaccurate information:"

45. Specifically, Patrick's letter, in relevant part, stated:

I also wanted to dispute:

1. BMO Harris – account #9902223629 (This account was not included in my case and the payments were never later nor missed, it was paid in full by State Farm due to a total loss accident which I have included proof of. Please *update the payment status*, times/days late, remarks, and payment history)
2. 5th Third Bank- (this account was paid and close prior to my case filing, *the monthly payment should say zero)*
3. Premier Credit Union (this account was paid and closed prior to my case filing, the *monthly payment should say zero*)
4. Bank of America – (this account was refinanced and closed prior to my case filing, *the monthly payment should say zero, not $2,744*)

8

5.  Ocwen/Homeward Residential – (this account was paid and closed prior to my case filing, *the monthly payment should say zero*)

46. Specifically, Susana's letter, in relevant part, stated:

1.  Premier Credit Union (this account was paid and closed prior to my case filing, the *monthly payment should say zero*)
2.  Bank of America – (this account was refinanced and closed prior to my case filing, *the monthly payment should say zero, not $2,744*)
3.  Ocwen/Homeward Residential – (this account was paid and closed prior to my case filing, *the monthly payment should say zero*)

47. Plaintiffs each mailed the dispute letters with all relevant information to Equifax.

48. Upon information and belief, BMO Harris received notice of Patrick's dispute letter and all relevant information from Equifax within five days of Equifax receiving Plaintiff's dispute letter. *See* 15 U.S.C. §1681i(a)(2).

49. Upon information and belief, CCU received notice of Patrick's dispute letter and all relevant information from Equifax within five days of Equifax receiving Plaintiff's dispute letter. *See* 15 U.S.C. §1681i(a)(2).

50. Upon information and belief, CCU received notice of Susana's dispute letter and all relevant information from Equifax within five days of Equifax receiving Plaintiff's dispute letter. *See* 15 U.S.C. §1681i(a)(2).

51. Upon information and belief, Fifth Third received notice of Patrick's dispute letter and all relevant information from Equifax within five days of Equifax receiving Plaintiff's dispute letter. *See* 15 U.S.C. §1681i(a)(2).

52. Upon information and belief, BANA received notice of Patrick's dispute letter and all relevant information from Equifax within five days of Equifax receiving Plaintiff's dispute letter. *See* 15 U.S.C. §1681i(a)(2).

53. Upon information and belief, BANA received notice of Susana's dispute letter and all relevant information from Equifax within five days of Equifax receiving Plaintiff's dispute letter. *See* 15 U.S.C. §1681i(a)(2).

54. Upon information and belief, Ocwen received notice of Patrick's dispute letter and all relevant information from Equifax within five days of Equifax receiving Plaintiff's dispute letter. *See* 15 U.S.C. §1681i(a)(2).

55. Upon information and belief, Ocwen received notice of Susana's dispute letter and all relevant information from Equifax within five days of receiving Plaintiff's dispute letter. *See* 15 U.S.C. §1681i(a)(2).

### *TranUnion's Failure to Correct Inaccurate Reporting in Plaintiffs' Credit Files*

56. On August 30, 2018, in hopes that TransUnion corrected the errors, Patrick pulled his Credit Karma credit report provide by TransUnion.

57. Patrick discovered that TransUnion continued to report the BMO Harris account as follows:



58. The reporting of the BMO Harris trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Patrick is still obligated to pay a scheduled monthly payment.

59. Patrick discovered that TransUnion continued to report the Fifth Third account as follows:



60. The reporting of the Fifth Third trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Patrick is still obligated to pay a scheduled monthly payment.

61. Patrick discovered that TransUnion continued to report the CCU account as follows:



62. The reporting of the CCU trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Patrick is still obligated to pay a scheduled monthly payment.

63. Patrick discovered that TransUnion continued to report the BANA account as follows:



64. The reporting of the BANA trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Patrick is still obligated to pay a scheduled monthly payment.

65. Finally, Patrick discovered that TransUnion continued to report the Ocwen account as follows:



66. The reporting of the Ocwen trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Patrick is still obligated to pay a scheduled monthly payment.

67. On August 31, 2018, in hopes that TransUnion corrected the errors, Susana pulled her Credit Karma credit report provided by TransUnion.

68. Susana discovered that TransUnion continued to report the CCU account as follows:



69. The reporting of the CCU trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Susana is still obligated to pay a scheduled monthly payment.

70. Susana discovered that TransUnion continued to report the BANA account as follows:



71.   The reporting of the BANA trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Susana is still obligated to pay a scheduled monthly payment.

72.   Susana discovered that the TransUnion continued to report the Ocwen account as follows:



73. The reporting of the Ocwen trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Susana is still obligated to pay a scheduled monthly payment.

### ***Equifax's Failure to Correct Inaccurate Reporting in Plaintiffs' Credit Files***

74. On July 16, 2018, in hopes that Equifax corrected the errors, Patrick pulled his Credit Karma credit report provide by Equifax.

75. Patrick discovered that Equifax continued to report the BMO Harris account as follows:



76. The reporting of the BMO Harris trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Patrick is still obligated to pay a scheduled monthly payment.

77. Patrick discovered that Equifax continued to report the Fifth Third account as follows:



78. The reporting of the Fifth Third trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Patrick is still obligated to pay a scheduled monthly payment.

79. Patrick discovered that Equifax continued to report the CCU account as follows:



80. The reporting of the CCU trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Patrick is still obligated to pay a scheduled monthly payment.

81. Patrick discovered that Equifax continued to report the BANA account as follows:



82. The reporting of the BANA trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Patrick is still obligated to pay a scheduled monthly payment.

83. On July 17, 2018, in hopes that Equifax corrected the errors, Susana pulled her Credit Karma report provided by Equifax.

84. Susana discovered that Equifax continued to report the CCU account as follows:



85. The reporting of the CCU trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Susana is still obligated to pay a scheduled monthly payment.

86. Susana discovered that Equifax continued to report the BANA account as follows:



87. The reporting of the BANA trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Susana is still obligated to pay a scheduled monthly payment.

### IMPACT OF CONTINUING
### INCORRECT INFORMATION IN PATRICK'S CREDIT FILE
(BMO HARRIS, FIFTH THIRD, CCU, BANA, OCWEN, EQUIFAX & TRANSUNION)

88. The reporting of the BMO Harris account is inaccurate, incomplete, and creates a materially misleading impression that he is still responsible for and obligated to pay the scheduled payment amount. The BMO Harris account was paid as agreed and previously closed.

89. As of today, the erroneous reporting by Equifax and TransUnion of the BMO Harris Account continues to paint a false and damaging image of Plaintiff. Equifax, TransUnion, and

BMO Harris have yet to update Plaintiff's credit files to accurately reflect the subject loan account with a $0 scheduled payment amount.

90. The reporting of the Fifth Third account is inaccurate, incomplete, and creates a materially misleading impression that Patrick is still responsible for the scheduled payment amount. The Fifth Third Account was paid as agreed and previously closed.

91. As of today, the erroneous reporting by Equifax and TransUnion of the Fifth Third account continues to paint a false and damaging image of Plaintiff. Equifax, TransUnion, and Fifth Third have yet to update Plaintiff's credit files to accurately reflect the subject loan account with a $0 scheduled payment amount.

92. The reporting of the CCU account is inaccurate, incomplete, and creates a materially misleading impression that Patrick is still responsible for and obligated to pay the scheduled payment amount. The CC account was paid as agreed and previously closed.

93. As of today, the erroneous reporting by Equifax, TransUnion of the CCU account continues to paint a false and damaging image of Plaintiff. Equifax, TransUnion, and CCU have yet to update Plaintiff's credit files to accurately reflect the subject loan account with a $0 scheduled payment amount.

94. The reporting of the BANA account is inaccurate, incomplete, and creates a materially misleading impression that Patrick is still responsible for the scheduled payment amount. The BANA account was paid as agreed and previously closed.

95. As of today, the erroneous reporting by Equifax, TransUnion, and BANA continues to paint a false and damaging image of Plaintiff. Equifax, TransUnion, and BANA have yet to update Plaintiff's credit files to accurately reflect the subject loan account with a $0 scheduled payment amount.

96. The reporting of the Ocwen account is inaccurate, incomplete, and creates a materially misleading impression that Patrick is still responsible for the scheduled payment amount. The Ocwen account was paid as agreed and previously closed.

97. As of today, the erroneous reporting by TransUnion and Ocwen continues to paint a false and damaging image of Plaintiff. TransUnion and Ocwen have yet to update Plaintiff's credit files to accurately reflect the subject loan account with a $0 scheduled payment amount.

98. The entire experience has imposed upon Patrick significant distrust, frustration, and distress.

99. The inaccurate and incomplete reporting of the BMO Harris, Fifth Third, CCU, BANA, and Ocwen accounts continues to have adverse effects on Plaintiff's credit rating because it creates a false impression that the Plaintiff is still obligated to pay on the subject loan accounts.

100. As a result of the conduct, actions, and inaction of each Defendant, Plaintiff Patrick Hayes has suffered various types of damages as set forth herein, including specifically, the loss of credit opportunity, wasted time tracking the status of his dispute, mail expenses, and mental and emotional pain and suffering.

101. Due to the conduct of the Defendants, Plaintiff Patrick Hayes was forced to retain counsel to resolve the erroneous credit reporting of the BMO Harris, Fifth Third, CCU, BANA and Ocwen trade lines.

**IMPACT OF CONTINUING**
**INCORRECT INFORMATION IN SUSANA'S CREDIT FILE**
(CCU, BANK OF AMERICA, OCWEN, EQUIFAX, AND TRANSUNION)

102. The reporting of the CCU account is inaccurate, incomplete, and creates a materially misleading impression that Susana is still responsible for and obligated to pay the scheduled payment amount. The CCU account was paid as agreed and previously closed.

26

103. As of today, the erroneous reporting by Equifax, TransUnion, and CCU continues to paint a false and damaging image of Plaintiff. Equifax, TransUnion, and CCU have yet to update Plaintiff's credit files to accurately reflect the subject loan account with a $0 scheduled payment amount.

104. The reporting of the BANA account is inaccurate, incomplete, and creates a materially misleading impression that Susana is still responsible for and obligated to pay the scheduled payment amount. The BANA account was paid as agreed and previously closed.

105. As of today, the erroneous reporting by Equifax, TransUnion, and BANA continues to paint a false and damaging image of Plaintiff. Equifax, TransUnion, and BANA have yet to update Plaintiff's credit files to accurately reflect the subject loan account with a $0 scheduled payment amount.

106. The reporting of the Ocwen account is inaccurate, incomplete, and creates a materially misleading impression that Susana is still responsible for the scheduled payment amount. The Ocwen account was paid as agreed and paid and previously closed.

107. As of today, the erroneous reporting by TranUnion and Ocwen continues to paint a false and damaging image of Plaintiff. TransUnion and Ocwen have yet to update Plaintiff's credit file to accurately reflect the subject loan account with a $0 scheduled payment amount.

108. The entire experience has imposed upon Susana significant distrust, frustration, and distress.

109. The inaccurate and incomplete reporting of the CCU, BANA, and Ocwen accounts continues to have adverse effects on Susana's credit rating because it creates a false impression that the Plaintiff is still obligated to pay on the subject loan accounts.

110. As a result of the conduct, actions, and inaction of each Defendant, Plaintiff Susana Hayes has suffered various types of damages as set forth herein, including specifically, the loss of credit opportunity, wasted time tracking the status of her dispute, mail expenses, and mental and emotional pain and suffering.

111. Due to the conduct of the Defendants, Plaintiff Susana Hayes was forced to retain counsel to resolve the erroneous credit reporting of the CCU, BANA, and Ocwen trade lines.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST BMO HARRIS, N.A. – PATRICK HAYES)

112. Plaintiff restates and re-alleges paragraphs 1 through 111 as though fully set forth herein.

113. Plaintiff is a "consumer" as the term is defined under 15 U.S.C. §§1681a(c) and (b).

114. BMO Harris is a "person" as defined by 15 U.S.C. §1681a(b).

115. BMO Harris is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

116. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

117. BMO Harris violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving a request for an investigation from Equifax, TransUnion, and Patrick.

118. Had BMO Harris reviewed the information provided by Equifax, TransUnion, and Patrick, it would have corrected the inaccurate designation of the BMO Harris trade line and transmitted the correct information to Equifax and TransUnion. Instead, BMO Harris wrongfully and erroneously verified its inaccurate reporting without conducting a reasonable investigation.

119. BMO Harris violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Patrick's dispute to Equifax and TransUnion.

120. BMO Harris violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the inaccurate information in Patrick's credit files. Instead, BMO Harris continued to report the inaccurate, incomplete, and misleading information in Patrick's credit files after receiving Patrick's detailed disputes.

121. BMO Harris failed to conduct a reasonable reinvestigation of its reporting of BMO Harris trade line  or delete the inaccurate reporting from Patrick's credit files within 30 days of receiving notice of Plaintiff's disputes from Equifax and TransUnion under 15 U.S.C. §1681i(a)(1).

122. BMO Harris violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Patrick by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

123. Despite the blatantly obvious errors in Patrick's credit files, and Patrick's efforts to correct the errors, BMO Harris did not correct the errors or trade line to report accurately. Instead, BMO Harris wrongfully re-reported, furnished, and re-furnished false and erroneous and misleading information, after Patrick's disputes, to one or more third parties.

124. A reasonable investigation by BMO Harris would have confirmed the veracity of Patrick's disputes, yet the inaccurate information continues to be reported in Plaintiff's Equifax credit files.

125. Had BMO Harris taken steps to investigate Patrick's valid disputes or Equifax and TransUnion's requests for investigation, it would have permanently corrected the erroneous credit reporting of the BMO trade line.  Plaintiff provided all relevant information regarding his disputes in his requests for investigation.

126. By deviating from the standards established by the mortgage servicing industry and the FCRA, BMO Harris acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax and TransUnion.

**WHEREFORE**, Plaintiff, PATRICK HAYES, respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing BMO Harris to immediately delete the inaccurate information from each Plaintiff's credit reports and credit files;

c. Award each Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award each Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award each Plaintiff punitive damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award each Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST FIFTH THIRD BANK– PATRICK HAYES)

127. Plaintiff restates and re-alleges paragraphs 1 through 111 as though fully set forth herein.

128. Plaintiff is a "consumer" as the term is defined under 15 U.S.C. §§1681a(c) and (b).

129. Fifth Third is a "person" as defined by 15 U.S.C. §1681a(b).

130. Firth Third is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

131. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

132. Firth Third violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving a request for an investigation from Equifax, TransUnion, and Patrick.

133. Had Fifth Third reviewed the information provided by Equifax, TransUnion, and Patrick, it would have corrected the inaccurate designation of the Fifth Third trade line and transmitted the correct information to Equifax and TransUnion. Instead, Fifth Third wrongfully and erroneously verified its inaccurate reporting without conducting a reasonable investigation.

134. Fifth Third violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Patrick's dispute to Equifax and TransUnion.

135. Fifth Third violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the inaccurate information in Patrick's credit files. Instead, Fifth Third continued to report the inaccurate, incomplete, and misleading information in Patrick's credit files after receiving Patrick's detailed disputes.

136. Fifth Third failed to conduct a reasonable reinvestigation of its reporting of Fifth Third trade line  or delete the inaccurate reporting from Patrick's credit files within 30 days of receiving notice of Plaintiff's disputes from Equifax and TransUnion under 15 U.S.C. §1681i(a)(1).

137. Fifth Third violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Patrick by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

138. Despite the blatantly obvious errors in Patrick's credit files, and Patrick's efforts to correct the errors, Fifth Third did not correct the errors or trade line to report accurately. Instead, Fifth Third wrongfully re-reported, furnished, and re-furnished false and erroneous and misleading information, after Patrick's disputes, to one or more third parties.

139. A reasonable investigation by Fifth Third would have confirmed the veracity of Patrick's disputes, yet the inaccurate information continues to be reported in Plaintiff's Equifax credit files.

140. Had Fifth Third taken steps to investigate Patrick's valid disputes or Equifax and TransUnion's requests for investigation, it would have permanently corrected the erroneous credit

reporting of the Fifth Third trade line. Plaintiff provided all relevant information regarding his disputes in his requests for investigation.

141. By deviating from the standards established by the mortgage servicing industry and the FCRA, Fifth Third acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax and TransUnion.

**WHEREFORE**, Plaintiff, PATRICK HAYES, each respectfully pray this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Fifth Third to immediately delete the inaccurate information from each Plaintiff's credit reports and credit files;

c. Award each Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award each Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award each Plaintiff punitive damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award each Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT III - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST CONSUMERS CREDIT UNION, AS SUCCESSOR BY MERGER TO PREMIER CREDIT UNION, – PATRICK HAYES AND SUSANA HAYES)

142. Plaintiffs restate and re-allege paragraphs 1 through 111 as though fully set forth herein.

143. Each Plaintiff is a "consumer" as the term is defined under 15 U.S.C. §§1681a(c) and (b).

144. CCU is a "person" as defined by 15 U.S.C. §1681a(b).

145. CCU is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

146. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

147. CCU violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving a request for an investigation from Equifax, TransUnion, and Patrick.

148. CCU violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving a request for an investigation from Equifax, TransUnion, and Susana.

149. Had CCU reviewed the information provided by Equifax, TransUnion, and Patrick, it would have corrected the inaccurate designation of the CCU trade line and transmitted the correct information to Equifax and TransUnion. Instead, CCU wrongfully and erroneously verified its inaccurate reporting without conducting a reasonable investigation.

150. Had CCU reviewed the information provided by Equifax, TransUnion, and Susana, it would have corrected the inaccurate designation of the CCU trade line and transmitted the correct information to Equifax and TransUnion. Instead, CCU wrongfully and erroneously verified its inaccurate reporting without conducting a reasonable investigation.

151. CCU violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Patrick's dispute to Equifax and TransUnion.

152. CCU violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Susana's dispute to Equifax and TransUnion.

153. CCU violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the inaccurate information in Patrick's credit files. Instead, Ally continued to report the inaccurate, incomplete, and misleading information in Patrick's credit files after receiving Patrick's detailed disputes.

154. CCU violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the inaccurate information in Susana's credit files. Instead, Ally continued to report the inaccurate, incomplete, and misleading information in Patrick's credit files after receiving Susana's detailed disputes.

155. CCU failed to conduct a reasonable reinvestigation of its reporting of the CCU trade line or delete the inaccurate reporting from Patrick's credit files within 30 days of receiving notice of Plaintiff's disputes from Equifax and TransUnion under 15 U.S.C. §1681i(a)(1).

156. CCU failed to conduct a reasonable reinvestigation of its reporting of the CCU trade line or delete the inaccurate reporting from Susana's credit files within 30 days of receiving notice of Plaintiff's disputes from Equifax and TransUnion under 15 U.S.C. §1681i(a)(1).

157. CCU violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Patrick by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

158. CCU violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Susana by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

159. Despite the blatantly obvious errors in Patrick's credit files, and Patrick's efforts to correct the errors, CCU did not correct the errors or trade line to report accurately. Instead, CCU wrongfully re-reported, furnished, and re-furnished false and erroneous and misleading information, after Patrick's disputes, to one or more third parties.

34

160. Despite the blatantly obvious errors in Susana's credit files, and Susana's efforts to correct the errors, CCU did not correct the errors or trade line to report accurately. Instead, CCU wrongfully re-reported, furnished, and re-furnished false and erroneous and misleading information, after Susana's disputes, to one or more third parties.

161. A reasonable investigation by CCU would have confirmed the veracity of Patrick's disputes, yet the inaccurate information continues to be reported in Plaintiff's Equifax and TransUnion credit files.

162. A reasonable investigation by CCU would have confirmed the veracity of Susana's disputes, yet the inaccurate information continues to be reported in Plaintiff's Equifax and TransUnion credit files.

163. Had CCU taken steps to investigate Patrick's valid disputes or Equifax or TransUnion's requests for investigation, it would have permanently corrected the erroneous credit reporting of the CCU trade line. Plaintiff provided all relevant information regarding his disputes in his requests for investigation.

164. Had CCU taken steps to investigate Susana's valid disputes or Equifax or TransUnion's requests for investigation, it would have permanently corrected the erroneous credit reporting of the CCU trade line. Plaintiff provided all relevant information regarding her disputes in her requests for investigation.

165. By deviating from the standards established by the lending industry and the FCRA, CCU acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax and TransUnion.

**WHEREFORE**, Plaintiffs, PATRICK HAYES and SUSANA HAYES, respectfully pray this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing CCU to immediately delete the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT IV - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST BANK OF AMERICA, N.A. – PATRICK HAYES AND SUSANA HAYES)

166. Plaintiffs restate and re-allege paragraphs 1 through 111 as though fully set forth herein.

167. Each Plaintiff is a "consumer" as the term is defined under 15 U.S.C. §§1681a(c) and (b).

168. BANA is a "person" as defined by 15 U.S.C. §1681a(b).

169. BANA is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

170. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

171. BANA violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving a request for an investigation from Equifax, TransUnion, and Patrick.

172. BANA violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving a request for an investigation from Equifax, TranUnion, and Susana.

173. Had BANA reviewed the information provided by Equifax, TransUnion, and Patrick, it would have corrected the inaccurate designation of the BANA trade line and transmitted the correct information to Equifax and TransUnion. Instead, BANA wrongfully and erroneously verified its inaccurate reporting without conducting a reasonable investigation.

174. Had BANA reviewed the information provided by Equifax, TransUnion, and Susana, it would have corrected the inaccurate designation of the BANA trade line and transmitted the correct information to Equifax and TransUnion. Instead, BANA wrongfully and erroneously verified its inaccurate reporting without conducting a reasonable investigation.

175. BANA violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Patrick's dispute to Equifax and TransUnion.

176. BANA violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Susana's dispute to Equifax and TransUnion.

177. BANA violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the inaccurate information in Patrick's credit files. Instead, BANA continued to report the inaccurate, incomplete, and misleading information in Patrick's credit files after receiving Patrick's detailed disputes.

178. BANA violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the inaccurate information in Susana's credit files. Instead, BANA continued to report the inaccurate, incomplete, and misleading information in Susana's credit files after receiving Susana's detailed disputes.

179. BANA failed to conduct a reasonable reinvestigation of its reporting of BANA trade line or delete the inaccurate reporting from Patrick's credit files within 30 days of receiving notice of Plaintiff's disputes from Equifax and TransUnion under 15 U.S.C. §1681i(a)(1).

180. BANA failed to conduct a reasonable reinvestigation of its reporting of the BANA trade line or delete the inaccurate reporting from Susana's credit files within 30 days of receiving notice of Plaintiff's disputes from Equifax and TransUnion under 15 U.S.C. §1681i(a)(1).

181. BANA violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Patrick by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

182. BANA violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Susana by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

183. Despite the blatantly obvious errors in Patrick's credit files, and Patrick's efforts to correct the errors, BANA did not correct the errors or trade line to report accurately. Instead, BANA wrongfully re-reported, furnished, and re-furnished false and erroneous and misleading information, after Patrick's disputes, to one or more third parties.

184. Despite the blatantly obvious errors in Susana's credit files, and Susana's efforts to correct the errors, BANA did not correct the errors or trade line to report accurately. Instead, BANA wrongfully re-reported, furnished, and re-furnished false and erroneous and misleading information, after Susana's disputes, to one or more third parties.

185. A reasonable investigation by BANA would have confirmed the veracity of Patrick's disputes, yet the inaccurate information continues to be reported in Plaintiff's Equifax and TransUnion credit files.

186. A reasonable investigation by BANA would have confirmed the veracity of Susana's disputes, yet the inaccurate information continues to be reported in Plaintiff's Equifax and TransUnion credit files.

187. Had BANA taken steps to investigate Patrick's valid disputes or Equifax and TransUnion's requests for investigation, it would have permanently corrected the erroneous credit reporting of the BANA trade line. Plaintiff provided all relevant information regarding his disputes in his requests for investigation.

188. Had BANA taken steps to investigate Susana's valid disputes or Equifax and TransUnion's requests for investigation, it would have permanently corrected the erroneous credit reporting of BANA trade line. Plaintiff provided all relevant information regarding her disputes in her requests for investigation.

189. By deviating from the standards established by the lending industry and the FCRA, BANA acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax and TransUnion.

**WHEREFORE**, Plaintiffs, PATRICK HAYES and SUSANA HAYES, each respectfully pray this Honorable Court for the following relief:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. An order directing BANA to immediately delete the inaccurate information from each Plaintiff's credit reports and credit files;

    c. Award each Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

    d. Award each Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e.  Award each Plaintiff punitive damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f.  Award each Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g.  Award any other relief as this Honorable Court deems just and appropriate.

## COUNT V - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST OCWEN LOAN SERVICING LLC – PATRICK HAYES AND SUSANA HAYES)

190. Plaintiffs restate and re-allege paragraphs 1 through 111 as though fully set forth herein.

191. Each Plaintiff is a "consumer" as the term is defined under 15 U.S.C. §§1681a(c) and (b).

192. Ocwen is a "person" as defined by 15 U.S.C. §1681a(b).

193. Ocwen is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

194. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

195. Ocwen violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving a request for an investigation from TransUnion and Patrick.

196. Ocwen violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving a request for an investigation from TransUnion and Susana.

197. Had Ocwen reviewed the information provided by TransUnion and Patrick, it would have corrected the inaccurate designation of the Ocwen trade line and transmitted the correct information to TransUnion.  Instead, Ocwen wrongfully and erroneously verified its inaccurate reporting without conducting a reasonable investigation.

198. Had Ocwen reviewed the information provided by TransUnion and Susana, it would have corrected the inaccurate designation of the Ocwen trade line and transmitted the correct information to TransUnion. Instead, Ocwen wrongfully and erroneously verified its inaccurate reporting without conducting a reasonable investigation.

199. Ocwen violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Patrick's dispute to TransUnion.

200. Ocwen violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Susana's dispute to TransUnion.

201. Ocwen violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the inaccurate information in Patrick's credit files. Instead, Ocwen continued to report the inaccurate, incomplete, and misleading information in Patrick's credit files after receiving Patrick's detailed disputes.

202. Ocwen violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the inaccurate information in Susana's credit files. Instead, Ocwen continued to report the inaccurate, incomplete, and misleading information in Susana's credit files after receiving Susana's detailed disputes.

203. Ocwen failed to conduct a reasonable reinvestigation of its reporting of the Ocwen trade line or delete the inaccurate reporting from Patrick's credit files within 30 days of receiving notice of Plaintiff's disputes from TransUnion under 15 U.S.C. §1681i(a)(1).

204. Ocwen failed to conduct a reasonable reinvestigation of its reporting of the Ocwen or delete the inaccurate reporting from Susana's credit files within 30 days of receiving notice of Plaintiff's disputes from TransUnion under 15 U.S.C. §1681i(a)(1).

205. Ocwen violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Patrick by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

206. Ocwen violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Susana by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

207. Despite the blatantly obvious errors in Patrick's credit files, and Patrick's efforts to correct the errors, Ocwen did not correct the errors or trade line to report accurately. Instead, Ocwen wrongfully re-reported, furnished, and re-furnished false and erroneous and misleading information, after Patrick's disputes, to one or more third parties.

208. Despite the blatantly obvious errors in Susana's credit files, and Susana's efforts to correct the errors, Ocwen did not correct the errors or trade line to report accurately. Instead, Ocwen wrongfully re-reported, furnished, and re-furnished false and erroneous and misleading information, after Susana's disputes, to one or more third parties.

209. A reasonable investigation by Ocwen would have confirmed the veracity of Patrick's disputes, yet the inaccurate information continues to be reported in Plaintiff's TransUnion credit files.

210. A reasonable investigation by Ocwen would have confirmed the veracity of Susana's disputes, yet the inaccurate information continues to be reported in Plaintiff's TransUnion credit files.

211. Had Ocwen taken steps to investigate Patrick's valid disputes or TransUnion's requests for investigation, it would have permanently corrected the erroneous credit reporting of Ocwen trade line. Plaintiff provided all relevant information regarding his disputes in his requests for investigation.

212. Had Ocwen taken steps to investigate Susana's valid disputes or TranUnion's requests for investigation, it would have permanently corrected the erroneous credit reporting of the Ocwen trade line. Plaintiff provided all relevant information regarding her disputes in her requests for investigation.

213. By deviating from the standards established by the lending industry and the FCRA, Ocwen acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax and TransUnion.

**WHEREFORE**, Plaintiffs, PATRICK HAYES and SUSANA HAYES, each respectfully pray this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Ocwen to immediately delete the inaccurate information from each Plaintiff's credit reports and credit files;

c. Award each Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award each Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award each Plaintiff punitive damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award each Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT VI - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
#### (AGAINST EQUIFAX – PATRICK HAYES AND SUSANA HAYES)

214. Plaintiffs restate and re-allege paragraphs 1 through 111 as though fully set forth herein.

215. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

216. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

217. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

218. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

219. Patrick provided Equifax with all relevant information in his requests for investigation and reinvestigation to reflect that he paid off the subject loans.

220. Susana provided Equifax with all relevant information in her requests for investigation and reinvestigation to reflect that she paid off the subject loans.

221. Equifax prepared Patrick's consumer reports containing inaccurate, incomplete, and materially misleading information by reporting the BMO Harris, Fifth Third, CCU, and BANA trade lines with erroneous information as described above, when, in fact, the subject loans were paid as agreed and previously closed, and Patrick was no longer financially obligated on the subject loans.

222. Equifax prepared Susana's consumer reports containing inaccurate, incomplete, and materially misleading information by reporting CCU and BANA trade lines with erroneous information as described above, when, in fact, the subject loans were paid as agreed and previously closed, and Susana was no longer financially obligated on the subject loans.

223. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it

furnished and refurnished as they related to each Plaintiff. Equifax prepared patently false, incomplete, and a materially misleading consumer reports concerning each Plaintiff. After Plaintiffs' written detailed dispute, Equifax had actual knowledge that Plaintiffs no longer owed any payments on the accounts. Nonetheless, Equifax wrongfully reported the accounts with scheduled monthly payment amounts.

224. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to then subsequently delete or correct the information in each Plaintiff's credit file.

225. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Patrick's dispute to BMO Harris. Upon information and belief, Equifax failed to include all relevant information as part of the notice to BMO Harris regarding Patrick's dispute that Equifax received from Plaintiff.

226. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Patrick's dispute to Fifth Third. Upon information and belief, Equifax failed to include all relevant information as part of the notice to Fifth Third regarding Patrick's dispute that Equifax received from Plaintiff.

227. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Patrick's dispute to CCU. Upon information and belief, Equifax failed to include all relevant information as part of the notice to CCU regarding Patrick's dispute that Equifax received from Plaintiff.

228. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Susana's dispute to CCU. Upon information and belief, Equifax failed to include all relevant information as part of the notice to CCU regarding Susana's dispute that Equifax received from Plaintiff.

229. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Patrick's dispute to BANA. Upon information and belief, Equifax failed to include all relevant information as part of the notice to BANA regarding Patrick's dispute that Equifax received from Plaintiff.

230. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Susana's dispute to BANA. Upon information and belief, Equifax failed to include all relevant information as part of the notice to BANA regarding Susana's dispute that Equifax received from Plaintiff.

231. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Patrick and BMO Harris.

232. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Patrick and Fifth Third.

233. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Patrick and CCU.

234. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Susana and CCU.

235. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Patrick and BANA.

236. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Susana and BANA.

237. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of each Plaintiff's disputes.

238. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from BMO Harris that the information was complete and accurate, and without sending notice of the re-reporting to Patrick.

239. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Fifth Third that the information was complete and accurate, and without sending notice of the re-reporting to Patrick.

240. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from CCU that the information was complete and accurate, and without sending notice of the re-reporting to Patrick.

241. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from CCU that the information was complete and accurate, and without sending notice of the re-reporting to Susana.

242. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from BANA that the information was complete and accurate, and without sending notice of the re-reporting to Patrick.

243. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from BANA that the information was complete and accurate, and without sending notice of the re-reporting to Susana.

244. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from BANA that the information was complete and accurate, and without sending notice of the re-reporting to Susana.

245. Equifax knew that the inaccurate designation of BMO Harris, Fifth Third, CCU, and BANA trade lines on Plaintiffs' consumer reports as having scheduled payment amounts, after the loans were paid as agreed and previously closed, would have a significant adverse effect on each Plaintiff's credit worthiness.

246. Despite actual knowledge that each Plaintiff's credit file contained erroneous information, Equifax readily sold each Plaintiff's inaccurate, incomplete, and misleading report to one or more third parties, thereby misrepresenting facts about each Plaintiff and, ultimately, each Plaintiff's creditworthiness.

247. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

248. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with reckless disregard for its duties to report accurate and complete consumer credit information.

249. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

250. Equifax's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining each Plaintiff's consumer files and reporting each Plaintiff's credit information.

251. Equifax's pattern of refusal to correct patently false information as mandated by the FCRA reveals a conscious disregard of the rights of each Plaintiff.

**WHEREFORE**, Plaintiffs, PATRICK HAYES and SUSANA HAYES, each respectfully pray this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Equifax to immediately delete the inaccurate information from each Plaintiff's credit reports and credit files;

c. Award each Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award each Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award each Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award each Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n(3) and 15 U.S.C. §1681o(2); and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT VII - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST TRANSUNION – PATRICK HAYES AND SUSANA HAYES)

252. Plaintiffs restate and re-allege paragraphs 1 through 111 as though fully set forth herein.

253. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

254. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

255. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

256. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

257. Patrick provided TransUnion with all relevant information in his requests for investigation and reinvestigation to reflect that he paid off the subject loans.

258. Susana provided TransUnion with all relevant information in her requests for investigation and reinvestigation to reflect that she paid off the subject loans.

259. TransUnion prepared Patrick's consumer reports containing inaccurate, incomplete, and materially misleading information by reporting the BMO Harris, Fifth Third, CCU, and Ocwen

with erroneous information as described above, when, in fact, the subject loans were paid as agreed and previously closed, and Patrick was no longer financially obligated on the subject loans.

260. TransUnion prepared Susana's consumer reports containing inaccurate, incomplete, and materially misleading information by reporting CCU, BANA, and Ocwen trade lines with erroneous information as described above, when, in fact, the subject loans were paid as agreed and previously closed, and Susana was no longer financially obligated on the subject loans.

261. TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished as they related to each Plaintiff. TransUnion prepared patently false, incomplete, and a materially misleading consumer reports concerning each Plaintiff. After Plaintiffs' written detailed dispute, TransUnion had actual knowledge that Plaintiffs no longer owed any payments on the accounts. Nonetheless, TransUnion wrongfully reported the accounts with scheduled monthly payment amounts.

262. TransUnion violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to then subsequently delete or correct the information in each Plaintiff's credit file.

263. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Patrick's dispute to BMO Harris. Upon information and belief, TransUnion failed to include all relevant information as part of the notice to BMO Harris regarding Patrick's dispute that TransUnion received from Plaintiff.

264. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Patrick's dispute to Fifth Third. Upon information and belief, TransUnion failed to include all relevant

information as part of the notice to Fifth Third regarding Patrick's dispute that TransUnion received from Plaintiff.

265. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Patrick's dispute to CCU. Upon information and belief, TransUnion failed to include all relevant information as part of the notice to CCU regarding Patrick's dispute that TransUnion received from Plaintiff.

266. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Patrick's dispute to BANA. Upon information and belief, TransUnion failed to include all relevant information as part of the notice to BANA regarding Patrick's dispute that TransUnion received from Plaintiff.

267. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Patrick's dispute to Ocwen. Upon information and belief, TransUnion failed to include all relevant information as part of the notice to Ocwen regarding Patrick's dispute that TransUnion received from Plaintiff.

268. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Susana's dispute to CCU. Upon information and belief, TransUnion failed to include all relevant information as part of the notice to CCU regarding Susana's dispute that TransUnion received from Plaintiff.

269. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Susana's dispute to BANA. Upon information and belief, TransUnion failed to include all relevant information as part of the notice to BANA regarding Susana's dispute that TransUnion received from Plaintiff.

270. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Susana's dispute to Ocwen. Upon information and belief, TransUnion failed to include all relevant information as part of the notice to Ocwen regarding Susana's dispute that TransUnion received from Plaintiff.

271. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Patrick and BMO Harris.

272. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Patrick and Fifth Third.

273. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Patrick and CCU.

274. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Patrick and Ocwen.

275. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Susana and CCU.

276. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Susana and BANA.

277. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Susana and Ocwen.

278. TransUnion violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of each Plaintiff's disputes.

279. TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from BMO Harris that the information was complete and accurate, and without sending notice of the re-reporting to Patrick.

280. TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Fifth Third that the information was complete and accurate, and without sending notice of the re-reporting to Patrick.

281. TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from CCU that the information was complete and accurate, and without sending notice of the re-reporting to Patrick.

282. TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from BANA that the information was complete and accurate, and without sending notice of the re-reporting to Patrick.

283. TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Ocwen that the information was complete and accurate, and without sending notice of the re-reporting to Patrick.

284. TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from CCU that the information was complete and accurate, and without sending notice of the re-reporting to Susana.

285. TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from BANA that the information was complete and accurate, and without sending notice of the re-reporting to Susana.

286. TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Ocwen that the information was complete and accurate, and without sending notice of the re-reporting to Susana.

287. TransUnion knew that the inaccurate designation of BMO Harris, Fifth Third, CCU, BANA, and Ocwen trade lines on Plaintiffs' consumer reports as having scheduled payment

amounts, after the loans were paid as agreed and previously closed, would have a significant adverse effect on each Plaintiff's credit worthiness.

288. Despite actual knowledge that each Plaintiff's credit file contained erroneous information, TransUnion readily sold each Plaintiff's inaccurate, incomplete, and misleading report to one or more third parties, thereby misrepresenting facts about each Plaintiff and, ultimately, each Plaintiff's creditworthiness.

289. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

290. By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with reckless disregard for its duties to report accurate and complete consumer credit information.

291. It is TransUnion's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

292. TransUnion's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining each Plaintiff's consumer files and reporting each Plaintiff's credit information.

293. TransUnion's pattern of refusal to correct patently false information as mandated by the FCRA reveals a conscious disregard of the rights of each Plaintiff.

**WHEREFORE**, Plaintiffs, PATRICK HAYES and SUSANA HAYES, each respectfully pray this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing TransUnion to immediately delete the inaccurate information from each Plaintiff's credit reports and credit files;

c.  Award each Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d.  Award each Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e.  Award each Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f.  Award each Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n(3) and 15 U.S.C. §1681o(2); and

g.  Award any other relief as this Honorable Court deems just and appropriate

**Plaintiffs demand a trial by jury.**

Dated:  January 11, 2019                         Respectfully Submitted,

                                                 /s/ Majdi Y. Hijazin

                                                 Majdi Y. Hijazin, *Of Counsel*
                                                 Counsel for Plaintiffs
                                                 Sulaiman Law Group, Ltd.
                                                 2500 S. Highland Avenue, Suite 200
                                                 Lombard, IL 60148
                                                 Phone: (630) 575-8181
                                                 Fax: (630) 575-8188
                                                 mhijazin@hijazinlaw.com